Gerald SMITH, Appellant,

v.

William ARMONTROUT, Appellee.

No. 88–2359.

United States Court of Appeals,
Eighth Circuit.

Sept. 23, 1988.

Before ARNOLD, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

On August 11, 1988, the United States District Court for the Western District of Missouri entered judgment denying Gerald Smith's petition for writ of habeas corpus. Mr. Smith is under sentence of death for capital murder, and his sentence is presently scheduled to be carried out, according to the order of the Supreme Court of Missouri, on October 4, 1988.

We have before us a number of documents: a notice of appeal filed by court-appointed counsel, purportedly on behalf of Mr. Smith; a letter purporting to come from Mr. Smith to the Clerk of this Court, stating that he did not wish to appeal and that he desired that his execution be carried out; and a motion to dismiss the appeal filed by the appellee William Armontrout, relying on the apparent desire of the appellant not to proceed.

We understand the following to be the facts:

1. No stay of execution is presently in effect.

2. The letter dated September 7, 1988, apparently signed by Gerald J. Smith, directed to the Clerk of this Court, is authentic.

3. Mr. Smith is competent to make this decision. His competence was previously the subject of a judicial proceeding. The District Court found as a fact that he is competent to decide whether to pursue his remedies, and this Court affirmed. *Smith v. Armontrout*, 812 F.2d 1050 (8th Cir. 1987), *cert. denied*, —— U.S. ——, 107 S.Ct. 3277, 97 L.Ed.2d 781 (1987). As far as we know, nothing has occurred since our last decision with respect to Mr. Smith's competence that would indicate any significant change in his mental condition.

We are treating the notice of appeal filed by court-appointed counsel as an application for certificate of probable cause. See Fed.R.App.P. 22(b). Absent such a certificate, the appeal may not proceed. It is our present intention, assuming the facts previously recited in this order to be true, to deny the application for certificate of probable cause, thus automatically terminating the appeal. In the absence of some other legally relevant development, this action would lead, in the ordinary course, to the execution of the sentence of death on October 4, 1988.

Accordingly, Eugene Bushmann, Esq., court-appointed counsel, is directed to show cause why the application for certificate of probable cause should not be denied. Mr. Bushmann's filing in response to this order should be made with the Clerk of this Court on or before Wednesday, September 28, 1988. In addition, the Clerk is instructed to advise Mr. Bushmann by telephone of the entry of this order immediately after it is filed, and the Clerk is further instructed to advise Mr. Bushmann, simultaneously with the filing of his response to this order, to send copies of his filing to the members of this panel at their respective chambers

by some form of overnight mail or comparable delivery.