Gerald SMITH, Appellant,

v.

William ARMONTROUT, Appellee.

No. 88–2359.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 28, 1988.
Decided Sept. 29, 1988.

Eugene G. Bushman, Jefferson City, Mo., for appellant.

Stephen Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

*Laborers Local 1140 (Hawkins Constr. Co.),* 285 N.L.R.B. No. 147, slip op. at 5 (Sept. 29, 1987).

Before ARNOLD, JOHN R. GIBSON, and FAGG, Circuit Judges.

PER CURIAM.

This appeal concerns Gerald Smith, who is under sentence of death for capital murder in Missouri. The sentence is presently scheduled to be carried out on October 4, 1988, at 12:01 a.m. No stay of execution is presently in effect.

The case comes before us on a notice of appeal filed by Smith's court-appointed counsel, Eugene G. Bushmann, Esq. We are treating this notice as an application for certificate of probable cause. See Fed. R.App.P. 22(b). In the meantime, Smith himself has written the Clerk of this Court to say that the filing of the notice of appeal was unauthorized, that he wants the appeal dismissed, and that he wants the sentence carried out without further review. (The case has been reviewed on direct appeal by the state courts, and the United States District Court for the Western District of Missouri, on August 11, 1988, denied a petition for habeas corpus, 692 F.Supp. 1079.)

If he is competent, it is of course up to Smith himself whether to pursue the appeal. It is his case, and it should be dismissed if he wants it dismissed. The District Court, after a thorough and careful evidentiary hearing, has found as a fact that Smith is competent and is capable of making a rational decision. We affirmed this finding in *Smith v. Armontrout*, 812 F.2d 1050 (8th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 3277, 97 L.Ed.2d 781 (1987). The evidentiary hearing on which the finding was based was held more than two years ago, but we believe the finding continues to be controlling, in the absence of any reason to suppose that Smith's mental condition has changed materially for the worse in the intervening time.

On September 23, 1988, we entered an order requiring court-appointed counsel to show cause why the application for certificate of probable cause should not be denied. We directed that a copy of the order be furnished to the appellant himself. *Smith v. Armontrout,* 858 F.2d 1303 (8th Cir.1988) (per curiam).

Counsel has now responded to the order, stating, in essence, that Smith has asked him not to pursue the appeal. Counsel further states that Smith has reiterated this position since the filing of the notice of appeal, and that he desires the execution of his death sentence. Counsel concludes, therefore, that he is aware of no legal cause why the certificate of probable cause should not be denied.

Shortly thereafter, on September 28, 1988, another pleading was filed. The Missouri Public Defender Commission and Terry E. Brummer, in his capacity as Director of the Office of the State Public Defender, seek leave to appear as next friends and ask that the execution be stayed pending a remand to the District Court for a new hearing on Smith's competency to waive his further remedies. Paragraph 10 of this motion alleges the following facts in support of this request:

The Commission and Brummer are aware of several events in Smith's life which need to be examined at a new competency hearing to determine their effect on Smith's present "waiver" decision. The events are:

A. Gerald Smith's marriage to Lyn Smith.

B. Gerald Smith's decision to change his mind about waiving his appeals reflected in his filing of a federal habeas corpus petition in the federal District Court which is the subject of this appeal.

C. The litigation concerning Smith's federal habeas corpus petition in the District Court.

D. After the District Court's decision to deny Smith's federal habeas corpus petition, Smith's apparent decision, reflected in his September 23, 1988 letter, to change his mind again, abandon his appeals, and acquiesce in his execution.

E. Lyn Smith's recent decision to encourage her husband to abandon his appeals and acquiesce in his execution.

We think these allegations, assuming their truth for present purposes, are legally insufficient to create a genuine issue of

material fact as to Smith's present mental capacity. Subparagraph C is simply a factual recitation that habeas litigation has occurred in the District Court. Subparagraphs B and D accurately state that Smith has changed his mind in the past (see also paragraph 13 of the motion, at page 7), but competent people do change their minds, even about very important matters, and past changes of mind were among the arguments that we considered and rejected when we considered the question of Smith's capacity last year. Subparagraphs A and E merely recount Smith's marriage and his wife's decision to encourage him to abandon his appeals. We have not heard from Mrs. Smith, but we assume that the motion is accurate in this respect. Even so, no genuine issue of her husband's capacity is raised. It is not at all unnatural for someone to consult with his or her spouse about important matters and to be influenced by the spouse's advice. Nor do we have any reason to suppose that Mrs. Smith is exercising any undue influence, or that she is acting for any reason other than her own sincere belief as to her husband's best interests.

The motion also suggests another reason for a remand for a competency hearing. Under *Ford v. Wainwright,* 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), it would be a violation of the Eighth Amendment to execute someone who lacks capacity to understand the nature and purpose of the punishment about to be imposed on him. Again, however, the absence of a presently viable genuine issue of material fact as to Smith's capacity makes such a hearing unnecessary at this time.

It follows that the notice of appeal filed by court-appointed counsel is ineffective. The client, whom we take to be competent to make the decision, did not authorize the filing of the notice, and he wants the appeal dismissed. Accordingly, a certificate of probable cause is denied, and the appeal is dismissed. This action is taken solely on the ground that a competent appellant does not wish to pursue his remedies. There is therefore no party with standing before the Court who wishes to contest the decision of the District Court. We have not reached the merits of the case, not even to the point of considering whether the questions raised by the District Court's decision would be sufficiently substantial to support a certificate of probable cause if they were properly before us.

This action is without prejudice to whatever further or different action might be appropriate if Mr. Smith again changes his mind or some other legally relevant change in circumstances occurs. We direct appellee to see that a copy of this opinion is personally delivered to Mr. Smith at once.

*Application denied and appeal dismissed.*