**Melvin Leroy TYLER and Kent Scott, Assigned Law Clerks Missouri State Penitentiary for Death Row Prisoners, on behalf of Gerald Smith and any and all other Death Row Prisoners, Petitioners,**

v.

**Bill ARMONTROUT, Warden, Missouri State Penitentiary, and John Ashcroft, Governor of Missouri, Respondents.**

No. 88–1896C(2).

United States District Court, E.D. Missouri, E.D.

Sept. 30, 1988.

Melvin Leroy Tyler, Kent Scott, Jefferson, Mo., for petitioners.

Stephen D. Hawke, Asst. Atty. Gen., Bill Thompson, Staff Counsel, Office of the Clerk, Jefferson, Mo., for respondents.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on the petition for habeas corpus relief, filed by Melvin Leroy Tyler and Kent Scott on behalf of Gerald Smith and "any and all other deathrow [sic] prisoners." Tyler and Scott allege in the petition that they have standing to maintain this action as assigned law clerks at the Missouri State Penitentiary. While petitioners attempt to create a class action by this petition, in actuality, the primary purpose of the petition appears to be an attempt to obtain relief for Gerald Smith from his October 4, 1988 scheduled execution. The Court also notes that as Warden of the Missouri State Penitentiary, Bill Armontrout is the custodian of Gerald Smith, and is thus the sole proper party respondent. 28 U.S.C. § 2254, Rule 2(a).

Petitioners' allegations include the following:

II: ATTACHED HEREWITH IS THE APPLICATION BEING SENT THIS DATE TO THE GOVERNOR OF THE STATE OF MISSOURI. THAT PETITION IS INCORPORATED HEREIN AND MADE A PART OF THIS PETITION.

. . . .

I: ASSIGNED LAW CLERKS MAINTAIN THAT THE DEATH SENTENCE HAS BECOME A POLITICAL ISSUE IN THE ELECTION FOR PRESIDENCY OF THE UNITED STATES AND FOR THE GOVERNORSHIP OF THE STATE OF MISSOURI, AND THAT DURING AN ELECTION PERIOD GERALD SMITH AND ALL OTHERS SIMILARLY SITUATED MAY BE EXECUTED FOR POLITICAL REASONS, OTHER THAN DUE PROCESS OF LAW.

II: ASSIGNED LAW CLERKS MAINTAIN THAT THE RIGHT TO PETITION THE GOVERNOR FOR A REDUCTION OF SENTENCE FROM DEATH TO LIFE IS PROVIDED BY THE MISSOURI STATE CONSTITUTION AND THAT WHILE THE COURTS HAS [sic] INTERPTIDED [sic] THE PROVISION AS BEING TOTALLY DISCRETIONARY ... THE LAW CLERKS MAINTAIN THAT NO MEANINGFUL PETITION CAN BE FILED OR CONSIDERED DURING SUCH TIME AS AN ELECTION PERIOD STANDS. GERLAD [sic] SMITH MAY BE PUT TO DEATH FOR POLITICAL REASONS OF THE GOVERNOR USING THAT TO GET ELECTED RATHER THAN DUE PROCESS OF LAW, AND FUNDAMENTAL FAIRNESS.

Attached to the petition, and incorporated in it, is a copy of the Application for Executive Clemency, filed by the petitioners with the Governor of Missouri. In that application, petitioners state that Smith is being punished for exercising his right to trial by jury and that Smith is incompetent by virtue of his decision to forego his

rights to further review. At this point, the Court finds that a brief review of Smith's case is helpful to an understanding of the present petition.

Gerald Smith was convicted of capital murder in the St. Louis Circuit Court in January, 1981, and was sentenced to death. *State v. Smith*, 649 S.W.2d 417 (Mo. banc 1983), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983). Following several erratic post-trial proceedings and motions, Smith abandoned further attempts at relief, and execution was scheduled for November 9, 1984. [*See Smith v. Armontrout*, 812 F.2d 1050 (8th Cir.1987), for a thorough recitation of Smith's case history.] Smith's November, 1984 execution date was stayed upon the filing of a next-friend petition for habeas corpus by his brother Eugene Smith. *Smith v. Armontrout*, 604 F.Supp. 840 (W.D.Mo.1984). Following additional state proceedings and thorough competency examinations and testing, the district court ruled that Smith was competent to abandon attacks on his conviction. This decision was affirmed by the Eighth Circuit Court of Appeals in *Smith v. Armontrout, supra.*

This Court takes judicial notice of the fact that Smith later changed his mind and filed a petition for habeas corpus relief in the Western District of Missouri. This petition was denied, and Smith's attorney filed a notice of appeal. *Smith v. Armontrout*, No. 88–2359WM (8th Cir.1988). However, in response to a show cause order, Smith's attorney stated to that court that Smith "has advised counsel that his original intentions (not to pursue an appeal) have not changed and that he desires the execution of his death sentence." (Response to Show Cause Order, filed September 28, 1988.) On September 29, 1988, the Eighth Circuit issued an opinion dismissing Smith's appeal, based on Smith's personal communication to the court requesting dismissal of this appeal and execution of his sentence. *Smith v. Armontrout*, 857 F.2d 1228 (8th Cir.1988) (per curiam). In this opinion, the Court also declined to grant the motion of the Missouri Public Defender Commission and Terry E. Brummer as Director of the Office of the State Public Defender to appear as next friends of Smith and to stay execution pending a remand to the district court for a new hearing on Smith's competency to waive further remedies. The court held that the movants failed to present allegations which were legally sufficient to create a genuine issue of material fact concerning Smith's present mental capacity.

■ The petition presently pending before this Court also involves an attempt to assert an action on behalf of Smith. Respondents note in their response to this Court's order to show cause that petitioners have failed to exhaust their state remedies with respect to the claims set forth. The Court is cognizant that the petition neither indicates the basis for jurisdiction nor alleges exhaustion, and is a successive petition. Nevertheless, the Court always has jurisdiction to determine jurisdiction. *Smith*, 604 F.Supp. at 842. Consequently, the Court will address the issue of standing.

In *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir.1978), the Court set out three principles which control a decision of when a "next friend" (or an action filed "on behalf of," as is the case here) is appropriate:

First, the authority of one person to apply for a writ of habeas corpus for the release of another will be recognized only when the application for the writ establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be "next friend." Second, individuals not licensed to practice law by the state may not use the "next friend" device as an artifice for the unauthorized practice of law. The "next friend" expedient, which on occasion may be essential to the efficacy of the "Great Writ," may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined. Third, when the application for habeas corpus filed by a would be "next friend" does not set forth an

adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without jurisdiction to consider the petition.

In this case, petitioners have offered no reason why Smith did not sign or verify the petition. In fact, the Eighth Circuit's decision to dismiss Smith's appeal was clearly based on Smith's desire to forego additional avenues of relief.

In order to support a petition filed on behalf of another, petitioners must set forth a specific reason why the inmate did not petition the Court on his own behalf. Such reasons traditionally have included infancy, mental incompetence, or physical disability. *Gilmore v. Utah,* 429 U.S. 1012, 1017, 97 S.Ct. 436, 439, 50 L.Ed.2d 632 (1976) (Justice Stevens concurring).

In this case, the majority of the petition focuses on the political nature of the death penalty in an election year and the alleged lack of access to the governor. Petitioners do note, in the application for executive clemency, that "Smith is incompetent" and "Smith's will has been overshowed [sic] by the invironment [sic] that he has been in for the last many years." In addition, in their affidavit, petitioners affy the following:

> I, MELVIN LEROY TYLER, AND KENT SCOTT, AFTER FIRST BEING DULY SWORN, DEPOSE AND SWEARS THAT AFTER CONFERRING WITH GERALD SMITH BELIEVE THAT HE SUFFERS FROM THE "BORDERLINE PERSONALITY DEFECT" EXCLUDING RESPONSIBILITY FOR HIS CONDUCT, AND THAT AFFIANTS HAVE BEEN GIVEN NO INDICATION THAT THIS HAS EVER BEEN CONSIDERED FOR SMITH IN ANY PAST EXAMINATIONS BY DOCTORS.

This bare allegation in the petitioners' affidavit is grossly inadequate in view of the lengthy competency proceedings conducted before the district court in 1986. Petitioners do not allege any facts which raise a genuine issue concerning Smith's competency. In addition, petitioners do not establish how their relationship or interest with Smith supports their next-friend status, other than to allege their positions as "assigned law clerks." Unlike the cases relied upon in their petition, Tyler and Scott assert no personal interest in this case, other than as fellow inmates. Lacking such, the Court finds no evidence to support the petitioner's efforts on behalf of Smith.

Since this petition must be denied for lack of standing, the Court need not address the merits. However, given the severity of the situation and the time constraints involved, the Court will briefly comment on the petitioners' contentions. Petitioners claim that since this is an election year, death row inmates are denied meaningful access to the governor's office in efforts to obtain a commutation of a death sentence, and that any executions which are conducted during this time will be done so for political reasons, rather than pursuant to due process of law.

This is not a persuasive argument. Smith's scheduled execution is not politically motivated, but pursuant to a judgment and sentence rendered by the St. Louis Circuit Court. Petitioners' argument does not support relief under this habeas corpus petition.

In conclusion, the Court finds that petitioners lack standing by which to assert this petition on Gerald Smith's behalf. This is especially true in light of Smith's recent reaffirmation of his decision to forego further remedies, and absent a genuine issue of fact concerning Smith's competency. This Court has jurisdiction under Article III of the United States Constitution only over "cases or controversies." Based on the facts and circumstances here, this petition fails to meet this jurisdictional requirement. Therefore, the petition will be dismissed and the relief sought therein denied. An appropriate order shall accompany this memorandum opinion.

## ORDER

In accordance with the memorandum opinion filed this date and incorporated herein,

IT IS HEREBY ORDERED that the petition for the issuance of a stay of execution, for a writ of habeas corpus, and other relief filed by Melvin Leroy Tyler and Kent Scott on behalf of Gerald Smith and all other death row prisoners is DISMISSED without prejudice without further judicial proceedings.

IT IS FURTHER ORDERED that respondent, Bill Armontrout, Warden, Missouri State Penitentiary, shall personally see that a copy of this memorandum and order is delivered at once to the petitioners and to Mr. Gerald Smith.