**Gerald M. SMITH, by and through Lynn SMITH, as his Next Friend, Appellant,**

v.

**William ARMONTROUT, Appellee.**

No. 88–2702.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1988.

Decided Nov. 17, 1988.

C. John Pleban, St. Louis, Mo., for appellant.

Steven Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, HEANEY, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN, MAGILL and BEAM, Circuit Judges.

The motion for stay of execution of Gerald M. Smith, a Missouri prisoner, scheduled for 12:01 a.m., Friday, November 18, 1988, has been presented to the full court en banc. The court has considered the same and hereby grants the stay of execution until further order of the court.

Circuit Judges FAGG, BOWMAN and MAGILL vote to deny the stay.

LAY, Chief Judge.

The petition for stay of execution has been referred to the court en banc on this date, Thursday, November 17, 1988. The court is presently sitting with two panels in St. Louis and two panels in St. Paul with each panel hearing approximately twenty-five cases. Only Judge Arnold and Judge Magill are not sitting this month. The first opportunity to study the motion for stay of execution has been presented to me at 3:45 p.m. this afternoon and there are sufficient allegations within it that would require a study and further examination. Several judges, including myself, feel that we do not have time to make the examination of the materials before us without examination of the full record. Some of the record has been filed in St. Louis and is not available for examination. On this basis I have voted for a stay to allow the court further opportunity to examine the record.

ARNOLD, Circuit Judge.

Gerald Smith is under sentence of death, now scheduled to be carried out at 12:01 a.m. tomorrow, Friday, November 18, 1988. His wife and next friend, Lynn Smith, has filed a motion for stay of execution, which has been referred to the Court en banc.

I vote to grant the motion for stay of execution, and take this opportunity to state individually my reasons for doing so.

1. In *Smith v. Armontrout*, 857 F.2d 1228 (8th Cir.1988) (per curiam), a panel of this Court held that no reason existed to justify a new evidentiary hearing on the issue of Smith's competency to decide not to pursue his remedies. That case arose out of another death sentence, for another murder, but the issue of competency is common to and identical in both cases. I joined that opinion. We now have before us, however, a petition for rehearing en banc, filed by the next friends in that case. The petition will be decided in due course. It would be unseemly and disorderly for Smith to be executed before that petition is finally disposed of.

2. The next friend in the instant case alleges that a petition for post-conviction relief is pending in the state courts, and that "Gerald Smith originally filed [this petition] in his name." Petition for Writ of Habeas Corpus ¶ 9, *Smith v. Armontrout*, No. 88 4536–CV–C–5 (W.D.Mo., filed November 16, 1988). Filed as an exhibit in this Court is a pleading styled First Amended Petition for post-conviction relief. This pleading, filed September 14, 1988, is signed by an attorney purporting to act for Smith himself, not for a next friend. I would like to know for certain whether Smith authorized this filing, and whether he wishes it pursued. I think he does not,

but the present state of the record is obscure.

3. The next friend also alleges that on November 15, 1988, supplemental suggestions in support of the petition for rehearing en banc in the first case were filed. I have not seen those suggestions. They are in the mail from our Clerk's office to the various judges' chambers. I would like to consider them before ruling finally in this case.

For these reasons, I vote to stay the execution of the sentence of death until further order of the Court en banc.