United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-70043
_____

BOBBY WILCHER,

Petitioner - Appellant,

v.

CHRISTOPHER B. EPPS, COMMISSIONER,
MISSISSIPPI DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

---

Appeal from the United States District Court for the
Southern District of Mississippi, Jackson
(3:98-CV-236)

---

Before JONES, Chief Judge, and SMITH and DeMOSS, Circuit Judges.

By EDITH H. JONES:[*]

In this appeal from the district court's denial of
Petitioner-Appellant's emergency motion to reinstate his petition
for writ of habeas corpus, to withdraw his pro se motion, and to
reinstate the stay of execution, we are asked to consider whether
Petitioner-Appellant, Bobby Glen Wilcher, is entitled to relief
from the Mississippi Supreme Court's order of execution, scheduled
for October 18, 2006. Having carefully reviewed the district
court's Memorandum Opinion of October 16, 2006, and the parties'

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

briefs on appeal, we conclude that Petitioner's claims do not merit reinstatement of his petition for writ of habeas corpus or any other relief before this court. Petitioner's filing embodies not only an attempt to revive a collateral review proceeding that he competently, knowingly, and voluntarily forsook, but also an attempt to relitigate or ignore the finality of the just-completed appeal that affirmed the district court's competency finding. We AFFIRM the district court's judgment, and DENY a stay of execution.

## I. PROCEDURAL BACKGROUND

This appeal is the most recent step in a convoluted procedural history. Petitioner filed, pro se, a "Motion To Drop All Remaining Appeals And To Allow The State To Immediately Proceed With Petitioner's Execution." In response, the district court convened a hearing on June 8, 2006, to determine pursuant to the standards outlined by the Supreme Court in Rees v. Peyton, 384 U.S. 312 (1966), Petitioner's competency to waive collateral review. After subjecting Petitioner to extensive questioning in regard to his pro se filing, the district court found that he fully appreciated his position and that he was capable of cogently and voluntarily waiving any continued pursuit of relief from his sentence through habeas litigation. The district court granted Petitioner's motion to dismiss from the bench and issued a written order memorializing its ruling on June 14, 2006.

2

Contrary to the wishes expressed only two days earlier in Petitioner's pro se motion, counsel for Petitioner filed a motion to reinstate the stay of execution pending the filing of a motion to reconsider under Federal Rules of Civil Procedure 59 and 60. Counsel informed the district court that the motion to reconsider would not be filed until June 27, 2006. Respondent Christopher J. Epps, Commissioner of the Mississippi Department of Corrections, then filed a response to Petitioner's motion on June 19, 2006, and Petitioner's counsel replied on June 20, 2006. The district court denied the motion to reinstate the stay of execution on June 23, 2006. On June 26, 2006, the Mississippi Supreme Court set Petitioner's execution date for July 11, 2006.

On June 26, 2006, counsel for Petitioner filed a Motion to Set Aside Orders of June 14, 2006, and June 23, 2006, to Reinstate the Stay of Execution, and For Appropriate Mental Health Evaluation. Counsel for Petitioner then filed an emergency motion requesting the district court to rule on the motions for reconsideration and reinstatement of the stay on June 29, 2006. The district court entered an order denying the motion for reconsideration and additionally entered an order denying the motion to set aside.

On July 3, 2006, Petitioner's counsel filed an Emergency Application for Certificate of Appealability ("COA") and a Notice of Appeal in the district court, which was denied later that day.

An additional application for COA and request for stay of execution were then filed in this court. On July 7, 2006, while pending review before us, counsel filed a bare-bones affidavit in which Petitioner, having ostensibly reflected on his predicament, requested reinstatement of all legal remedies available to him. Counsel then filed a motion to reinstate Petitioner's appeals and requested a stay of execution.

This court denied Petitioner's COA application in an opinion which concluded that the district court committed no error and that no reasonable jurist could disagree with the propriety of the district court's order.[1] See Wilcher v. Anderson, ___F.App'x___, 2006, WL 1888895 (5th Cir. July 10, 2006). We dismissed both the motion to reinstate and the motion for stay.

Counsel for Petitioner then filed a petition for writ of certiorari and a motion for stay of execution with the United States Supreme Court, which stayed the execution pending the disposition of the petition for writ of certiorari. See Wilcher v. Epps, ___U.S.___, 2006 WL 1893911 (July 11, 2006).

The Supreme Court denied certiorari and vacated its stay of execution on October 2, 2006. See Wilcher v. Epps, ___U.S.___, 2006 WL 1909696 (October 2, 2006). That same day, the State of

---

[1]Moreover, we strongly implied in rejecting Petitioner's application for COA that its recasting as a successive application for a writ of habeas corpus would be equally unavailing because Petitioner fails to meet the requirements of 28 U.S.C. § 2244(b)(2). See Wilcher v. Anderson, ___F.App'x___, 2006, WL 1888895 (5th Cir. July 10, 2006).

Mississippi filed a motion for reinstatement of the date of execution in the Mississippi Supreme Court. That court granted the motion and designated that Petitioner is to be executed on October 18, 2006.

On October 5, 2006, counsel filed another emergency motion in the district court, together with another affidavit by Wilcher, seeking to reinstate the habeas petition voluntarily dismissed by Petitioner in June 2006. The district court rejected this second motion to reinstate in a Memorandum Opinion issued on the afternoon of October 16, 2006. Counsel immediately filed a notice of appeal in this court contesting the district court's Memorandum Opinion.

## II. DISCUSSION

Petitioner's most recent motion in the district court was predicated on relief under Federal Rule of Civil Procedure 60(b)(6).[2] We review an appeal from denial of a motion made pursuant to Rule 60(b)(6) under an abuse of discretion standard. Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 210 (5th Cir. 2003). Under this standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted

---

[2]Rule 60(b), in pertinent part, confers upon this court the broad equitable power to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (6) any other reason justifying relief from the operation of the judgment." See, e.g., Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir. 1992) ("The broad language of clause (6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice.").

5

– denial must have been so unwarranted as to constitute an abuse of discretion." <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 402 (5th Cir. 1981).

The district court found that Petitioner failed to present any valid reason why his request to rescind dismissal of the habeas petition should be granted under Rule 60(b)(6). (Mem. Op. at *6.) Further, the court reiterated its determination that Petitioner is mentally competent and voluntarily undertook to abandon all avenues of legal relief from his sentence. (Mem. Op. at *6.) The district court determined that nothing in the language of Rule 60(b)(6) requires reinstatement of a petition for habeas relief voluntarily dismissed at the behest of a defendant. (Mem. Op. at *9.) Finally, the district court stated that Petitioner failed to demonstrate that a motion to withdraw a voluntarily dismissed habeas petition qualified as an "extraordinary circumstance" meriting relief under Rule 60(b)(6). (Mem. Op. at *8.) <u>See</u> <u>American Totalisator Co., Inc. v. Fair Grounds Corp.</u>, 3 F.3d 810, 815 (5th Cir. 1993). We detect no abuse of discretion in any of these findings.

Petitioner's reliance on <u>Lonchar v. Thomas</u>, 517 U.S. 314, 116 S. Ct. 1293 (1996) likewise fails to provide justification for the argument that a district court must reinstate a habeas petition that has been voluntarily relinquished by a criminal defendant.[3]

---

[3]Neither of the circuit cases Petitioner cites to bolster this contention is on point. In <u>St. Pierre v. Cowan</u>, 217 F.3d

*Lonchar* involved a last-minute habeas filing and motion for stay of execution by a death-row inmate that were vacated by the Eleventh Circuit for inequitable conduct. The Supreme Court reinstated the stay and reversed, holding that a court may not dismiss a first habeas petition "for special ad hoc 'equitable reasons' not encompassed within the framework of Rule 9." *Lonchar*, 517 U.S. at 322, 116 S. Ct. at 1298. *Lonchar*'s holding does not extend to the situation currently before us. That case addressed only the impermissibility of involuntary dismissal of a first habeas petition on motion by the state; it does not require this court to reinstate a habeas petition voluntarily dismissed by Petitioner himself.

We note that the district court considered only in passing the issue of whether Petitioner's motion was properly subject to treatment as a Rule 60(b) motion or as a successive

---

939 (7th Cir. 2000), the Seventh Circuit reversed the district court dismissal of a petition for habeas relief waived by a death-row inmate. Contrary to Petitioner's contention that *St. Pierre* applies, the Seventh Circuit explicitly predicated remand on the fact that the Illinois Supreme Court had taken no steps "to assure itself that St. Pierre was making this decision unequivocally, permanently, voluntarily, and intelligently." *Id.* at 948. In contrast, we are satisfied that the exhaustive competency hearing conducted by the district court in Petitioner's case distinguishes *St. Pierre*.

Nor does the Eighth Circuit's holding in *Smith v. Armontrout*, 865 F.2d 1502 (1988) (en banc), require a contrary result. The district court ruling in *Smith*, too, was made in the absence of an adequate mental competency determination. Moreover, Smith's action was dismissed without prejudice pending developments that might have warranted issuance of a certificate of probable cause. *See Smith v. Armontrout*, 857 F.2d 1228, 1230 (8th Cir. 1988).

7

petition for habeas review under 28 U.S.C. § 2244(b).  The lion's share of its analysis is based on the unquestioned assumption that Petitioner's claim is actually a true Rule 60(b) motion.

The Supreme Court has recently distinguished these two forms of relief and described the procedural ramifications arising out of their use.  See Gonzales v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005).  Section 2244(b) requires that a successive application for habeas relief contain one or more claims not presented in a prior application.  Id. at ___, S. Ct. at 2647.  However, the Gonzales Court observed that Rule 60(b) motions, too, are often characterized by assertion of a "claim," e.g., that excusable neglect permits leave to include a claim of constitutional error under Rule 60(b)(1), or that a subsequent change in substantive law justifies relief under Rule 60(b)(6).[4]  Id.  Accordingly, a claim-asserting Rule 60(b) motion is "if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with [section 2244(b)]."  Id. (internal quotations omitted).

Based on this analysis, Petitioner's claim could reasonably be interpreted not as a true Rule 60(b) motion, but rather as a successive habeas application, since his filing really amounts to an attempt to obtain relief from dismissal of his

_____

[4]The Courts of Appeals are in agreement on this point as well.  See, e.g., Rodwell v. Pepe, 324 F.3d 66, 69 (1st Cir. 2003); Dunlap v. Litscher, 301 F.3d 873 (7th Cir. 2002).

original habeas petition so as to gain the opportunity to reassess the merits of his case.  Gonzales lends further support to the interpretation of Petitioner's claim as a successive habeas application as it notes that "an attack based on the movant's own conduct, or his habeas counsel's omissions...in effect asks for a second chance to have the merits determined favorably." Id. at ___ n.5, 125 S. Ct. at 2648 n.5.  Even if Petitioner's claim is procedurally better understood as a successive habeas petition, however, he has waived the opportunity for reapplication, by not pursuing it in this court.  And, even if he had not waived this argument, what he has filed would not meet the requirements of § 2244(b) in any case.  See Wilcher v. Anderson, ___ F.App'x.___, 2006, WL 1888895 (5th Cir. July 10, 2006).[5]

For these reasons, the district court's judgment is AFFIRMED and appellant's motion to stay execution scheduled for Wednesday, October 18, 2006, is **DENIED**.

---

[5]Finally, should the Supreme Court decide that Rule 60(b)(6) relief may be justified in circumstances like these, both the "extraordinary" nature of the relief requested and the potential overlap of this remedy with successive habeas relief would seem to require a petitioner to make some showing that a delay in carrying out the execution has a bona fide legal purpose.  Thus, it would seem that a petitioner like Wilcher would have to demonstrate not only that he deserved a chance to revive his habeas petition, but also that the petition itself at least meets the standard for a COA — debatable among jurists of reason — or, as in Rule 60(b) relief from a default judgment — that petitioner has a meritorious claim for relief.