# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2012

Lyle W. Cayce
Clerk

No. 11-40507

LAWRENCE D. KENEMORE, JR.

Petitioner-Appellant,

versus

WARDEN KEITH ROY,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Lawrence Kenemore moves this court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2241 after he lost at trial and on a previous habeas

corpus petition. His new petition argues that the Supreme Court's GVR[1] in *Jackson v. United States*, 555 U.S. 1163 (2009) (mem.), constitutes a retroactively applicable decision demonstrating he was convicted of a non-offense. Because the GVR does not qualify as a retroactively applicable Supreme Court decision, we affirm.

## I.

Kenemore was convicted of conspiracy to commit mail fraud, conspiracy to embezzle funds from employee benefit plans, conspiracy to launder money, mail fraud, embezzlement from employee benefit plans, money laundering, and making a false statement to the Department of Labor. After losing on appeal, he petitioned for habeas relief and was denied. He now files a new motion to vacate, set aside, or correct the sentence under § 2241.

In *Jackson*, the GVR included a remand for reconsideration without addressing the merits. The GVR was issued after the Solicitor General had filed a brief claiming that Jackson's conviction was in error, because the statutory interpretation of the term "assets" advocated by the government in the Fourth Circuit was incorrect. Kenemore argues that he was convicted using a similar definition of "assets" and that that definition is invalid after *Jackson*.

## II.

Kenemore claims that the savings clause of 28 U.S.C. § 2255[2] authorizes

---

[1] A "GVR" ("grant, vacate, remand") occurs when the Supreme Court summarily grants a petition for writ of *certiorari* and simultaneously vacates the judgment of the lower court and remands for further proceedings for some specified reason. *See generally* EUGENE GRESSMAN ET AL., SUPREME COURT PRACTICE 345-49 (BNA 9th ed. 2007).

[2] Section 2255 ends with the so-called "savings clause":

(continued...)

relief in his case through a petition filed under § 2241. Normally, a motion under § 2255 would be the proper vehicle for Kenemore to use when challenging his conviction. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).[3] A prisoner may use § 2241 when § 2255 is inadequate or ineffective for testing his detention's legality.[4] Section 2255 is inadequate for a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Kenemore contends that the GVR in *Jackson* qualifies as a retroactively applicable Supreme Court decision. A GVR is a Supreme Court practice whereby the Court allows a circuit court to reconsider its opinion, often after a change in the law or factual circumstances occurs that might lead to a different

---

[2](...continued)

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

§ 2255 (emphasis added).

[3] To utilize § 2255, Kenemore would have to show either newly discovered evidence that established by clear and convincing evidence that no reasonable factfinder could have found him guilty of the offense for which he was convicted or a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. § 2255. Kenemore acknowledges he cannot meet those requirements.

[4] *See* § 2255(e). *See also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) ("[Section] 2441 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause' . . . .").

result:

> Where intervening developments, or recent developments that we have reason to believe the court below did not fully consider, reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration, and where it appears that such a redetermination may determine the ultimate outcome of the litigation, a GVR order is . . . potentially appropriate.

*Lawrence ex rel. Lawrence v. Charter*, 516 U.S. 163, 167 (1996).

In *Jackson*, the defendant was convicted of theft from an employee-benefit plan. Affirming on appeal, the Fourth Circuit held that "assets" of the plan included amounts due and owing to the plan even if they were not yet paid. The Court granted *certiorari* on the question whether an unpaid employer contribution to a company's employee benefit plan is an asset before it is paid into that plan, such that a company officer can be guilty of embezzling from the plan when he does not fund it in a timely manner. The government agreed with Jackson, filing a brief arguing that the conviction should be overturned, because unpaid employer contributions are not assets of the plan. The Supreme Court responded with a GVR for reconsideration in light of the Solicitor General's argument. Kenemore claims that his conviction is based on a similarly improper definition of "assets": that he was diverting assets of employer contributions before they reached the plan.

Regardless of whether Kenemore is correct that his case was tried with a definition of assets similar to that in *Jackson*, the GVR does not meet the requirements of the savings clause under *Reyes-Requena*. In *Reyes-Requena*, 243 F.3d at 903-04, we discussed a Supreme Court holding that a substantive federal criminal statute that does not reach certain conduct necessarily carries a significant risk that a defendant was convicted of a nonexistent offense, because such

4

holdings declare what the statute has meant since its enactment. Such an interpretation by the Court decides for the entire country how courts should have read the statute since it was enacted, meaning that if a conviction is not possible under the newly given interpretation, it should never have happened.

When the Supreme Court utilizes its GVR power, however, it is not making a decision that has any determinative impact on future lower-court proceedings. A GVR "does 'not amount to a final determination on the merits.'"[5] The Third Circuit has explained the effect of a GVR:

> West claims that the Supreme Court's granting of [a GVR] effectively made *Cage* retroactive on collateral review, a decision buttressed by the Court of Appeal's changed decision after the GVR order. We need not tarry long over this argument. The Supreme Court has made clear that, though remand *may* indicate that intervening precedent is sufficiently analogous or decisive to compel reexamination, it is not a final determination on the merits. More recently, the Court has stated that, although GVR orders may be issued in situations where redetermination in light of intervening developments may decide the merits of a case, they require only consideration by the lower court and are not summary reversals.

> In his reply brief, West concedes that in form, a GVR order may never be a final decision on the merits, but contends that in substance, it sometimes is. We decline to engage in the parsing of Supreme Court intent necessary to breathe life into so abstract a contention. Whatever a GVR's order value as a predictor of the Court's position on a particular matter, we do not treat such an order as a dispositive ruling.

*West v. Vaughn*, 204 F.3d 53, 58 (3d Cir. 2000), abrogated by *Tyler v. Cain*, 533 U.S. 656 (2001) (internal citations omitted).

A GVR does not bind the lower court to which the case is remanded; that court is free to determine whether its original decision is still correct in light of

---

[5] GRESSMAN, *supra*, at 348 (citing *Henry v. City of Rock Hill*, 376 U.S. 776, 777 (1964)).

the changed circumstances or whether a different result is more appropriate. Because the lower court can decide either way—the Supreme Court not having specified or even suggested which merits outcome is correct—the Court cannot be said to have issued a decision regarding the validity of any convictions.[6] Instead, the GVR merely allows a lower court to reconsider its judgment in light of new circumstances, permitting the Supreme Court to get more information before making a decision. If, after the lower court's reexamination, the Court wishes to issue a decision on the matter, it can grant *certiorari* again, but if not, it can wait until more circuits weigh in before addressing the issue.

Because the GVR makes no decision as to the merits, it does not "necessarily carry a significant risk that a defendant was convicted of [a nonexistent offense]," *Reyes-Requena*, 243 F.3d at 904, given that there is no holding declaring invalid any offense arguably found in the text. Kenemore argues that the GVR in *Jackson*, issued when the government said it agreed that corporate contributions that never made it to the ERISA plan are not plan assets that can be embezzled, constitutes a decision of the Supreme Court regarding the statutory definition of "assets." The problem is that the Court never decided such a thing.

The Fourth Circuit initially decided that Jackson was guilty of embezzlement, the Solicitor General told the Supreme Court that his office felt the conviction was wrong because the word "assets" should be interpreted differently, and

---

[6] In *Van Curen v. Jago*, 454 U.S. 14, 16 (1981), the Sixth Circuit initially had denied a habeas petition, but after the Supreme Court issued a GVR, the Sixth Circuit changed its reasoning and granted the petition. The Supreme Court then reversed the Sixth Circuit's new decision, thereby denying habeas relief. In *Henry v. City of Rock Hill*, 375 U.S. 6 (1963) (mem.), protestors were arrested for breaching the peace, but after the state supreme court had upheld the convictions, the Supreme Court issued a GVR. The state supreme court stayed with its original decision, determining that the intervening Supreme Court decision did not change the result. The Court reversed, overturning the convictions. *Henry v. City of Rock Hill*, 376 U.S. 776, 777-78 (1964). As this set of cases demonstrates, the fact that the Supreme Court exercised its GVR power does not mean it has spoken on the merits.

so the Supreme Court issued a GVR to allow the Fourth Circuit to decide whether that new information affected the judgment. The Fourth Circuit was not bound to agree with the Solicitor General, and the Supreme Court never indicated one way or another on the merits of that issue. All we have is an intervening decision by the Fourth Circuit that it thought such funds were not assets of the plan. Whether issued on remand from the Supreme Court or in the first instance from a district court on direct appeal, a statutory interpretation by one of our sister circuits does not meet the requirements of *Reyes-Requena*.

The fact that the GVR in *Jackson* came after the Solicitor General had argued that the conviction was in error does not transform the GVR into a substantive Supreme Court decision. The Court has expressly held that the Solicitor General's opinion that a judgment in favor of the government was in error is not dispositive. "All Members of the Court are agreed that we 'should [not] mechanically accept any suggestion from the Solicitor General that a decision rendered in favor of the Government by a United States Court of Appeals was in error.'" *Lawrence*, 516 U.S. at 170-71 (quoting *Mariscal v. United States*, 449 U.S. 405, 406 (1981)). Thus, the Court was not required to hold that the term "assets" meant what the Solicitor General claimed it meant, and so issuing a GVR still expresses no position on the merits.[7]

The judgment is AFFIRMED.

---

[7] Because Kenemore failed to establish the first requirement of *Reyes-Requena*, we need not address the district court's finding that Kenemore also failed to show that Fifth Circuit precedent prohibited him from arguing that the definition of "assets" does not include corporate funds that have not yet reached an ERISA plan. We therefore do not decide whether *Landry v. Airline Pilots Association*, 901 F.2d 404 (5th Cir. 1990), forecloses the argument that funds not yet paid to an employee benefit plan do not constitute "assets" of that plan that can be embezzled under 18 U.S.C. § 664.