**John Lezell BALENTINE, Petitioner–Appellant,**

v.

**Rick THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent–Appellee.**

No. 12–70023.

United States Court of Appeals, Fifth Circuit.

Aug. 21, 2012.

Lydia M. Brandt, Brandt Law Firm, P.C., Richardson, TX, for Petitioner–Appellant.

Katherine Diane Hayes, Asst. Atty. Gen., Postconviction Lit. Div., Office of the Attorney General, Austin, TX, for Respondent–Appellee.

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:

The court having been polled and a majority of the judges who are in regular active service and not disqualified not having voted in favor (FED.R.App. P. and 5TH Cir. R. 35), the Rehearing En Banc

has been DENIED by separate order on this day.

John Lezell Balentine's motion for a stay of execution pending consideration of petition for rehearing en banc is DENIED as MOOT.

On August 17, 2012, this panel determined that the district court had properly applied one of our precedents to require denial of Balentine's Rule 60(b) motion. *See Ibarra v. Thaler,* 691 F.3d 677, at 685, 2012 WL 3537826, at *6 n. 1 (5th Cir.2012); *Ibarra v. Thaler,* 687 F.3d 222 (5th Cir. 2012). Balentine's petition urged reconsideration of the interpretation of the Supreme Court's *Martinez v. Ryan,* —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), decision expressed in *Ibarra.*

As a supplement to our earlier analysis of these issues we also note an additional difficulty with Balentine's arguments. This circuit has held that the Supreme Court's "decision in *Martinez,* which creates a narrow exception to *Coleman's* holding regarding cause to excuse procedural default, does not constitute an 'extraordinary circumstance' under Supreme Court and our precedent to warrant Rule 60(b)(6) relief." *Adams v. Thaler,* 679 F.3d 312, 320 (5th Cir.2012) (citing *Gonzalez v. Crosby,* 545 U.S. 524, 536, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)).

The petition for rehearing en banc having received insufficient votes from the en banc court, this order also DENIES rehearing by the panel.