# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2013

No. 13-70029

Lyle W. Cayce
Clerk

ARTURO DIAZ,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before KING, JONES, and PRADO, Circuit Judges.

EDITH H. JONES, Circuit Judge:

This is a death penalty case in which appellant Arturo Diaz appeals the district court's denial of his Federal Rule of Civil Procedure 60(b)(6) motion for relief from judgment and motion for stay of execution. Thirty days before his scheduled execution date of September 26, 2013, Diaz filed both motions in federal district court, seeking relief from that court's denial of habeas relief in 2005. Diaz asked the court to reopen his previous federal habeas action and consider the merits of procedurally barred claims in light of *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) and *Trevino v. Thaler*, ___

No. 13-70029

U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013).  The district court denied both of Diaz's motions on September 20, 2013.  Diaz now appeals the district court's decision.  For the reasons set forth below, we AFFIRM.

## BACKGROUND

The facts of Diaz's underlying capital offense are detailed in this court's opinion of April 11, 2007.  *See Diaz v. Quarterman*, 228 F. App'x 417 (5th Cir. 2007).  In short, Diaz brutally stabbed one man to death and attempted to stab another man to death in the course of robbing both men.  He was convicted by a Texas jury of capital murder, attempted capital murder, and aggravated robbery, and he was sentenced to death. Diaz unsuccessfully sought Texas state appellate review.   During the pendency of his direct appeal, he also unsuccessfully pursued habeas relief with the Texas Court of Criminal Appeals, challenging, among many other things, the effectiveness of his trial counsels' representation.  The state court denied habeas relief in a 604-page order, *Ex parte Diaz*, No. CR-1464-99-G (1) (370th Dist. Ct., Hidalgo Cnty., Tex. Apr. 17, 2003), which the Texas Court of Criminal Appeals adopted, *Ex Parte Diaz*, No. 55,850-01 (Tex. Crim. App. June 18, 2003).

In 2004, Diaz filed a federal habeas petition in the U.S. District Court for the Southern District of Texas, ultimately raising six grounds for relief. Relevant to this appeal, Diaz claimed that his trial attorneys had provided ineffective representation (1) by failing to counsel Diaz properly on the State's offer of a plea bargain and (2) in the penalty phase of the trial, failing to adequately investigate and present readily available mitigating evidence, failing to prepare for the testimony of the only witness offered by the defense, and basing closing argument on residual doubt rather than mitigation.  The district court denied relief on all of Diaz's claims and declined to issue a Certificate of Appealability ("COA").  Specifically, the court found that Diaz's plea bargain claim and the portions of his mitigation claim relating to the defense witness and

No. 13-70029

counsel's closing argument were unexhausted and procedurally barred in federal court because those claims were procedurally barred in state court under Texas law. *Diaz v. Dretke*, No. M-04-225, 2005 WL 2264966 at *6 (S.D. Tex. Aug. 19 2005). As to the non-barred portion of Diaz's penalty phase claim—that trial counsel provided ineffective representation by failing to adequately investigate and present readily available mitigating evidence—the district court held that even if counsel were deficient for failing to investigate evidence of Diaz's disadvantaged childhood, Diaz still could not prove that he was prejudiced by counsel's performance. *Id.* at *9-*10 ("While testimony about Diaz'[s] childhood privations would certainly elicit sympathy, this evidence pales in comparison to the evidence presented to the jury . . . ."). *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (stating that in order to prevail on a claim for ineffective assistance of counsel, a defendant must show that counsel's deficient performance prejudiced the defense).

Diaz appealed and requested a COA on seven issues. This court certified for appeal only one of the issues that Diaz presented: whether trial counsel rendered ineffective assistance during the punishment phase of trial by failing to adequately investigate and present readily available mitigating evidence. *See Diaz*, 228 F. App'x at 423. After additional briefing, this court affirmed the lower court's denial of habeas relief on somewhat different reasoning. *Diaz v. Quarterman*, 239 F. App'x 886 (5th Cir. 2007). Diaz offered five affidavits in an effort to prove that four of his family members and a former teacher would have provided mitigating testimony. This court refused to consider the affidavits because Diaz had presented the affidavits for the first time to the federal court. *Diaz*, 239 F. App'x at 890 (citing *Roberts v. Dretke*, 356 F.3d 632, 641 (5th Cir. 2004)). Without that evidentiary support, this court found that Diaz "failed to rebut the presumption of correctness that attaches to the state court's findings, and he cannot make his case that counsel were constitutionally ineffective at the

No. 13-70029

punishment phase of trial." *Id.* This court also held that "[t]he [state court's] finding that Diaz did not want his family members to testify precludes a finding of deficient performance and a finding of [*Strickland*] prejudice." *Diaz,* 239 Fed. App'x at 890 (citing *Schriro v. Landrigan,* 550 U.S. 465, 127 S. Ct. 1933, 1941, 167 L. Ed. 2d 836 (2007); *Dowthitt v. Johnson,* 230 F.3d 733, 748 (5th Cir. 2000)). *See also Ex parte Diaz,* No. CR-1464-99-G(1) at ¶¶ 603-05, 613, 614. *Diaz* subsequently sought certiorari review, which the Supreme Court denied. *Diaz v. Quarterman*, 552 U.S. 1232 (2008).

Five years later, on August 27, 2013, Diaz filed a motion for stay of execution and a Rule 60(b)(6) motion in federal district court, claiming that recent changes in habeas law warranted relief from final judgment. Diaz argued that the Supreme Court's decisions in *Martinez v. Ryan* and *Trevino v. Thaler*, coupled with the "equities" of Diaz's case, constituted unique and extraordinary circumstances warranting Ruly 60(b)(6) relief. However, in "apply[ing] the logic from *Adams* [*v. Thaler*, 679 F.3d 312 (5th Cir. 2012)]," the district court held that the Supreme Court's recent decisions did not give rise to extraordinary circumstances within the meaning of Rule 60(b)(6), *Diaz v. Stephens*, No. M-04-225, 12-13 (S.D. Tex. Sept. 16, 2013) (report and recommendation), and neither did the specific equities of Diaz's case, *Id.* at 13-15. *See Diaz v. Stephens*, No. M-04-225 (S.D. Tex. Sept. 20, 2013) (adopting magistrate judge's report and recommendation). Thus, the district court denied Diaz's Rule 60(b)(6) motion as well as his motion for a stay of execution, which was no longer viable given the unavailability of review under Rule 60(b). *Id.* The district court granted Diaz a COA *sua sponte*, *Id.*, and Diaz now appeals the district court's denial of both motions.

No.  13-70029

## STANDARD OF REVIEW

This court reviews the denial of a Rule 60(b)(6) motion under an abuse of discretion standard.  *Wilcher v. Epps*, 203 F. App'x 559, 561 (5th Cir. 2006).  In applying such a standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted[—]denial must have been so unwarranted as to constitute an abuse of discretion."  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).  Similarly, we review a district court's decision to deny a stay of execution for abuse of discretion.  *Green v. Thaler*, 699 F.3d 404, 411 (5th Cir. 2012).  "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion."  *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)).

## DISCUSSION

Diaz argues that the district court abused its discretion in denying his Rule 60(b)(6) motion and motion for stay of execution because recent developments in habeas law should allow federal consideration of his ineffective assistance of trial counsel claims as they relate to the State's offer of a plea bargain and the penalty phase of his trial.  As noted by the Supreme Court, when seeking relief under Rule 60(b)(6), a movant is required "to show 'extraordinary circumstances' justifying the reopening of a final judgment."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).  Although "[s]uch circumstances will rarely occur in the habeas context," *Id.*, Diaz contends that the recent decisions in *Martinez* and *Trevino* amount to a "sea change" in habeas law that warrants Rule 60(b)(6) relief.  It has long been established that

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred *unless the prisoner can demonstrate cause for the default* and actual

5

prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis added). In addressing the "cause" prong for overcoming procedural default, *Coleman* held that the ineffectiveness of state habeas counsel could not constitute such cause. *Id.* at 752-53. However, in *Martinez*, the Supreme Court recognized a "narrow exception" to *Coleman*, holding that where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. *Martinez* reasoned that when inmates can only raise *Strickland* claims for ineffective assistance of counsel on state habeas review, a state habeas attorney's deficient performance may forgive a federal procedural bar. *Id.* at 1312.

This court subsequently held in *Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012), that *Martinez* did not apply to federal habeas cases arising from Texas convictions and that Texas inmates were "not entitled to the benefit of *Martinez* for . . . ineffectiveness claims" because Texas inmates are not limited to raising *Strickland* claims in initial review collateral proceedings. In response, the Supreme Court held in *Trevino* that *Martinez* does apply to cases arising from Texas courts because "the Texas procedural system—as a matter of its structure, design, and operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." 133 S Ct. at 1921. *See also Hernandez v. Stephens*, — F. App'x —, 2013 WL 3957796 at *9 (5th Cir. Aug. 2, 2013) (recognizing that *Trevino* overruled the Fifth Circuit's interpretation of *Martinez*); *Preyor v. Stephens*, — F. App'x —,

No. 13-70029

2013 WL 3830160 at *8 (5th Cir. July 25, 2013) (same).  Accordingly, Diaz argues that the district court abused its discretion in denying both of his motions because *Martinez* and *Trevino* constitute "extraordinary circumstances" within the meaning of Rule 60(b)(6), and the failure of Diaz's state habeas counsel to advance his unexhausted and procedurally barred claims properly before state court was the reason why he was held to have procedurally defaulted those claims in the federal habeas proceeding.

## I.    Diaz's Rule 60(b)(6) Motion

The threshold issue in reviewing Diaz's Rule 60(b)(6) claim is whether Diaz has demonstrated circumstances that are sufficiently extraordinary to warrant relief from final judgment. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).  In arguing that the district court abused its discretion in finding that there were no extraordinary circumstances warranting relief, Diaz contends that (1) the district court erroneously applied *Adams*, which, in light of *Trevino*, is not controlling in this case; (2) to the extent *Adams* does control Diaz's case, the district court still failed to properly weigh other "equities" that support his request for relief; and (3) as far as the *Adams* decision relates to Rule 60(b)(6), *Adams* was invalidated by subsequent Supreme Court action.

As Diaz acknowledges, this court has held that "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment" under Rule 60(b)(6). *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990) (citations omitted). *See also Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747-49 (5th Cir. 1995) ("Changes in decisional law based on constitutional principles are not of themselves extraordinary circumstances sufficient to justify Rule 60(b)(6) relief.").  This principle governed in *Adams*, which this court decided just weeks after the *Martinez* decision and, through *Adams*, in the district court's denial of Diaz's Rule 60(b)(6) motion. *See Stephens*, No. M-04-225 at 12 (Sept. 16, 2013).

In *Adams*, we held that *Martinez* did not provide a sufficient basis for Rule 60(b)(6) relief.

> [I]n denying Adams's initial federal habeas petition, the district court correctly determined that Adams's claims were procedurally defaulted pursuant to the then-prevailing Supreme Court precedent of *Coleman*. The Supreme Court's later decision in *Martinez*, which creates a narrow exception to *Coleman*'s holding regarding cause to excuse procedural default, does not constitute an "extraordinary circumstance" under Supreme Court and our precedent to warrant Rule 60(b)(6) relief.

679 F.3d at 320.

Diaz, however, argues that *Adams* does not control his Rule 60(b)(6) motion because *Trevino* dramatically altered the parameters of *Martinez*. The district court, on the other hand, held that *Trevino* "is simply a change in decisional law," which does not affect *Adams*'s applicability to this case. *Stephens*, No. M-04-225 at 13 (Sept. 16, 2013) (quoting *Adams*, 679 F.3d at 320). This court's ruling in *Adams* that *Martinez* does not constitute an extraordinary circumstance under Rule 60(b)(6) was not based on *Martinez*'s applicability, or lack thereof, to cases arising from Texas courts. Rather, it was plainly based on the conclusion that *Martinez* created a narrow, equitable exception to the rules of procedural default, *Adams*, 679 F.3d at 320, and was "simply a change in decisional law." *Id. Trevino*'s recent application of *Martinez* to Texas cases does not change that conclusion in any way. Moreover, "[i]t is hardly extraordinary that subsequent[] [to *Ibarra*], . . . [the Supreme] Court arrived at a different interpretation" of *Martinez*'s application to cases arising from courts that, the Supreme Court concluded, do not offer a "meaningful opportunity" for review of ineffective assistance of counsel claims on direct appeal. *Trevino*, 133 S. Ct. at 1921. *See also Gonzalez* 545 U.S. at 536.

*Adams* cited this court's decision in *Hess* construing Rule 60(b)(6) for habeas cases:

No.  13-70029

Under our precedents, changes in decisional law . . . do not constitute the "extraordinary circumstances" required for granting Rule 60(b)(6) relief . . . .  The dicta in *Batts* suggesting that the rule for changes in decisional law might be different in the habeas corpus context because finality is not a concern is now flatly contradicted by, among other things, AEDPA.

*Hess*, 281 F.3d at 216.  Neither *Adams* nor *Hess* cites the *Seven Elves* factors as bearing on the analysis of extraordinary circumstances under Rule 60(b)(6).

Diaz attempts to demonstrate extraordinary circumstances by arguing that other equitable factors outlined in *Seven Elves* must be considered.[1]  Ruling on the question whether to reopen a default judgment, *Seven Elves* stated that the factors that should inform the district court's consideration of a motion under Rule 60(b) are:

(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether[,] if the judgment was a default or a dismissal in which there was no consideration of the merits[,] the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether[,] if the judgment was rendered after a trial on the merits[,] the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief;

---

[1] Judge Jones notes that *Seven Elves* reflects factors most applicable to relief sought under Rule 60(b)(1)-(5), provisions that enumerate specific grounds for relief.  *See Gonzalez*, 545 U.S. at 535, 125 S. Ct. at 2649  Motions under Rule 60(b)(6), however, require truly "extraordinary circumstances" precisely because there is no specification of the basis for relief. Were it otherwise, Rule 60(b)(6) could supersede the companion provisions.  Moreover, in the context of habeas law, comity and federalism elevate the concerns of finality, rendering the 60(b)(6) bar even more daunting.  From this perspective, Diaz's claim seeking to avoid a judgment of procedural default based on intervening case law is not unlike that of Hernandez, who asserted an intervening Supreme Court decision to support reopening his habeas claim that had been held untimely.  *Hernandez v. Thaler*, 630 F.3d 420, 430 (5th Cir. 2011).  Relying on *Gonzalez* and *Hess*, but not *Seven Elves*, this court rejected Hernandez's assertion of extraordinary circumstances.  Id.

and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves*, 635 F.2d at 402. We will assume *arguendo* that *Seven Elves* may have some application in the Rule 60(b)(6) context.

Diaz asserts that the totality of circumstances in his case is fundamentally different from that in *Adams*. Diaz first points out that the lower court had the opportunity to reassess its prior denial of habeas relief in light of *Trevino*'s "dramatic" shift in the law, whereas the *Adams* court did not have that benefit. Although this is true, *Trevino* in itself is "hardly extraordinary," as previously discussed. This "distinction" makes no difference. Diaz also contends that his extraordinary diligence in asserting his ineffective state habeas counsel argument materially distinguishes this case from *Adams*. He has in fact pursued the issue of ineffective state habeas counsel consistently in his federal habeas suit.

The remaining equitable factors that, according to Diaz, distinguish this case from *Adams* include his extensive documentation of state habeas counsel's alleged failings, his pleading "far more compelling Sixth Amendment violations" than the appellant in *Adams* pled, and his alleging more "special circumstances" warranting relief. Concluding that because Diaz did "more" in relation to his Rule 60(b)(6) motion, he asserts he should be entitled to relief from final judgment. The district court noted, however, that Diaz's circumstances "are no more unique or extraordinary than any other capital inmate who defaulted claims in state court prior to *Trevino*." *Stephens*, No. M-04-225 at 14 (Sept. 16, 2013).

The district court was right. Even assuming *arguendo* that state habeas counsel was "ineffective" under *Trevino* and that *Adams* does not fully bar Rule 60(b)(6) relief, Diaz makes a poor showing of equitable factors necessary to reopen his judgment. In its earlier decision, this court has already found that

No.  13-70029

Diaz's claim of inadequate mitigating evidence investigation fails for lack of *Strickland* prejudice and because he did not want his trial attorneys to call family members to the stand for mitigation.  *Diaz*, 239 F. App'x at 889-90.  This court denied a COA on claims that trial counsel mishandled Dr. Pinkerman's testimony and improperly emphasized residual doubt rather than mitigation in closing argument, because both claims arose solely from the alleged inadequate investigation of mitigating evidence.  *Diaz*, 228 F. App'x at 424-27.  Several pages of trial transcript reflect colloquy between the trial court and all counsel, and the court and Diaz, concerning a proffered plea bargain and Diaz's rejection of it on two separate occasions before trial.

Further, applying the other *Seven Elves* factors, the district court's consideration of the merits of Diaz's mitigating evidence claim, *see Diaz*, 2005 WL 2264966 at *9-*10; the general expectation that final judgments will not be lightly overturned; the State's strong interest in the finality of Diaz's conviction and sentence; and the delay that will undoubtedly result from reopening this long-closed case all weigh in favor of denying Diaz's Rule 60(b)(6) motion.  *Cf. Lopez v. Ryan*, 678 F.3d 1131, 1135-37 (9th Cir. 2012) (considering multiple equitable factors to determine whether "extraordinary circumstances" existed and finding that they provided "little overall support for reopening [the petitioner's] case" under Rule 60(b)(6)).

Finally, Diaz contends that because the Supreme Court granted temporary relief in two cases while *Trevino* was pending, the Court implicitly invalidated *Adams*.  Alternatively, he contends that the disposition of those cases raises another equitable factor favoring 60(b)(6) relief.  We disagree.  This court issued two opinions while *Trevino* was pending before the Supreme Court that explicitly relied on the holding in *Adams* that *Martinez* did not amount to an extraordinary circumstance within the meaning of Rule 60(b)(6).  *See Haynes v. Thaler*, 489 F. App'x 770 (5th Cir. 2012); *Balentine v. Thaler*, 692 F.3d 357 (5th

11

Cir. 2012). The Supreme Court stayed the executions of both petitioners pending disposition of certiorari petitions. After issuing *Trevino*, the Supreme Court issued "GVR" ("grant, vacate, remand") orders in *Haynes* and *Balentine*, thereby granting their certiorari petitions, vacating the judgments below, and remanding the cases to this court for further consideration in light of *Trevino*.[2] *Haynes v. Thaler*, __ U.S. __, 133 S. Ct. 2764, 186 L. Ed. 2d 214 (2013); *Balentine v. Thaler*, __U.S. __, 133 S. Ct. 2763, 186 L. Ed. 2d 214 (2013).

A GVR makes no decision as to the merits of a case. *Kenemore v. Roy*, 690 F.3d 639, 642 (5th Cir. 2012). *See also Tyler v. Cain*, 533 U.S. 656, 666 n.6, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001). "When the Supreme Court utilizes its GVR power . . . it is not making a decision that has any determinative impact on future lower-court proceedings." *Kenemore*, 690 F.3d at 641. Rather, "[a] GVR is a Supreme Court practice whereby the Court allows a circuit court to reconsider its opinion, often after a change in the law or factual circumstances occurs that might lead to a different result[.]" *Id.* When the Supreme Court grants a GVR, the lower court to which the case is remanded "is free to determine whether its original decision is still correct in light of the changed circumstances or whether a different result is more appropriate." *Id.* at 642.

Given that a GVR makes no determinative impact on an underlying case, it stands to reason that a GVR similarly has no impact on the merits of a wholly separate and independent case. Indeed, a finding to the contrary would seem utterly illogical.

For these reasons, Diaz has failed to show that *Adams* does not control his Rule 60(b)(6) motion or that the district court abused its discretion in finding that *Martinez*, even in light of *Trevino*, does not create extraordinary circumstances warranting relief from final judgment. Moreover, Diaz has failed

---

[2] The practice of granting a GVR is thoroughly explained in *Lawrence v. Chater*, 516 U.S. 163, 165-74, 116 S. Ct. 604, 133 L. Ed. 2d 545 (1996) (per curiam).

No.  13-70029

to show that the remaining "equities" of his case constitute extraordinary circumstances within the meaning of Rule 60(b)(6).

## II.    Diaz's Motion for Stay of Execution

Diaz appeals the district court's denial of his motion for a stay of execution.  In deciding whether to issue a stay of execution, a court must consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest lies.

*Green*, 699 F.3d at 411 (quoting *Nken*, 556 U.S. at 434, 129 S. Ct. 1749).

Diaz's motion for a stay of execution depends on the availability of Rule 60(b)(6) review in this case.  Because we have rejected this vehicle to reopen the final judgment, Diaz has not made a showing of a likelihood of success on the merits of his Rule 60(b)(6) motion.  The district court did not abuse its discretion in denying a stay of execution.

**JUDGMENT AFFIRMED; STAY DENIED**