# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20007
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

JOE FREDERICK,

Plaintiff-Appellant

v.

WARDEN VERNON PITTMAN; MAJOR MARK R. CLARKE; LIEUTENANT JAMES POWERS; CORRECTIONAL OFFICER AGGREY LIHALAKHA; KEHINDE LASISI; SUSAN DOSTAL; UNIT DOCTOR EDGAL HULIPAS; PHYSICIAN'S ASSISTANT MELANIE POTTER; PHYSICIAN'S ASSISTANT SANDRA SMOCK; REGISTERED NURSE MARY KUNTHARA; TEXAS DEPARTMENT OF CRIMINAL JUSTICE - CORRECTIONAL INSTITUTION DIVISION; UNIVERSITY OF TEXAS MEDICAL BRANCH; LICENSED VOCATIONAL NURSE ADMARIE SCOTT,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1455

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20007

Joe Frederick filed this civil action *in forma pauperis* and *pro se*, alleging a violation of his constitutional rights under 42 U.S.C § 1983 and a violation of the Americans with Disabilities Act. Frederick alleged that the defendants were deliberately indifferent to his medical needs and violated the ADA when they delayed his access to medical care after he broke his leg while incarcerated in the Jester III Unit of the Texas Department of Criminal Justice. Frederick named as defendants twelve individuals employed at the Unit, including the warden, correctional officers, and medical personnel.

After screening all of the pleadings pursuant to 28 U.S.C. § 1915A, the district court ordered defendants Scott, Smock, Kunthara, and Dostal to answer Frederick's § 1983 complaint. It dismissed all other defendants and complaints. On September 23, 2014, the district court granted summary judgment on the grounds of qualified immunity in favor of Scott, Smock, Kunthara, and Dostal. Frederick moved for a new trial, which the district court denied on October 23, 2014. On December 17, 2014, the district court denied Frederick's second post-judgment motion. Frederick filed a notice of appeal in this Court on December 30, 2014.

As a threshold issue, we must examine the basis of our jurisdiction. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal is mandatory and jurisdictional in a civil case. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). To the extent that Frederick appeals from the grant of summary judgment on September 23, 2014 or the denial of his first post-judgment motion on October 23, 2014, his notice of appeal was not timely. We therefore lack jurisdiction to review those judgments. This portion of the appeal is DISMISSED.

Frederick's appeal was timely as to the December 17, 2014 denial of his second post-judgment motion. Only the denial of this motion and not the

original judgment is subject to our review. *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). We review the denial of a Rule 60(b) motion for relief from judgment for abuse of discretion. *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (quoting *Kennedy v. Texas Utils.*, 179 F.3d 258, 265 (5th Cir. 1999)).

Upon examination of the record, we see no indication that the district court abused its discretion in denying Frederick's motion for relief from summary judgment. Frederick also has not shown that the district court abused its discretion by failing to grant post-judgment relief from the *sua sponte* dismissal of all of his claims against the remaining named defendants in the case. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). The judgment of the district court is AFFIRMED.

Frederick's motions for appointment of counsel on appeal and default judgment are DENIED.

AFFIRMED IN PART; DISMISSED IN PART; MOTIONS DENIED.