# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30207

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2017

Lyle W. Cayce
Clerk

TROY DAVIS,

Plaintiff−Appellant,

versus

JONATHAN A. ROUNDTREE; KENNETH NORRIS; COLLINS, Doctor,

Defendants−Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:12-CV-41

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Troy Davis, Louisiana prisoner #356886, filed this 42 U.S.C. § 1983 suit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30207

to seek redress for alleged acts of retaliation and deliberate indifference to serious medical needs as well as the disposition of his grievances.  The district court granted the defendants' motion for summary judgment, and we dismissed the resulting appeal as frivolous.  Davis moved for a new trial, contending that his right to a jury trial was infringed.  The district court denied the motion, and Davis moves this court for authorization to proceed *in forma pauperis* ("IFP") on appeal.

By moving to proceed IFP, Davis is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Davis's motion is best construed as arising under Federal Rule of Civil Procedure 60(b)(6) because it was filed more than 28 days after entry of judgment and does not fit into any of the other subsections of that rule.  *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012); *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002); Rule 60(b).  The denial of a Rule 60(b)(6) motion is reviewed for abuse of discretion.  *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013).  To meet that standard, it is not enough that the movant show "that the granting of relief might have been permissible, or even warranted."  *Id.* (internal quotation marks and citation omitted).  Instead, "denial must have been so unwarranted as to constitute an abuse of discretion."  *Id.* (internal quotation marks and citation omitted).

Our review of the record and Davis's arguments shows that that standard has not been met.  Because Davis did not demonstrate a genuine issue of

2

No. 17-30207

material fact, he was not entitled to a jury trial.  *See Plaisance v. Phelps*, 845 F.2d 107, 108 (5th Cir. 1988).  He has failed to establish that his appeal involves any arguably meritorious issue.  *See Howard*, 707 F.2d at 220.

Accordingly, the motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.