# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41323
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2017

Lyle W. Cayce
Clerk

IRON THUNDERHORSE,

Plaintiff-Appellant

v.

BILL PIERCE, individually; RON TEEL, individually and in his official capacity as Coordinator of Native American Religious Programs; UNIDENTIFIED DOES; BRYAN COLLIER; VANCE DRUM, in his official capacity as Director of Chaplaincy,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:04-CV-222

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Iron Thunderhorse, Texas inmate # 00624391, filed suit under the Religious Land Use and Institutionalized Persons Act and 42 U.S.C. § 1983. He claimed that certain policies and practices of the Texas Department of Criminal Justice (TDCJ) interfered with his practice of the Native American

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41323

Shamanism faith. Following a bench trial, the magistrate judge (MJ) granted the following injunctive relief: (1) the TDCJ was required to recognize Native American Shamanism as a valid faith with its own "faith code"; (2) Thunderhorse would be allowed to request the designation of a reasonable number of holy days and to request traditional foods for feast days, in conformity with TDCJ regulations; and (3) if he is released from administrative segregation, the TDCJ could not unreasonably deny Thunderhorse access to pipe ceremonies, a medicine bundle, a clay flute, and a small drum.

Nearly eight years later, Thunderhorse filed a motion seeking relief from the injunction under Federal Rule of Civil Procedure 60(b)(6). The MJ denied the motion sua sponte, concluding that Thunderhorse had failed to demonstrate "exceptional circumstances" that would entitle him to relief. Thunderhorse appealed.

Thunderhorse argues that the MJ erred in denying his motion under Rule 60(b)(6) because changes in the TDCJ's policies and the relevant case law have rendered the injunctive relief previously granted obsolete and inequitable. He also claims that the MJ failed to consider his pro se motion under a less strict standard than a motion drafted by an attorney and denied him the benefit of liberal construction. "This court reviews the denial of a Rule 60(b)(6) motion under an abuse of discretion standard." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013).

Though Thunderhorse alleges that the TDCJ made changes to the manner in which the pipe ceremony is performed, he still has access to such ceremonies, consistent with the MJ's order granting injunctive relief. He complains about a new regulation permitting female prisoners to wear head coverings at all times even though male prisoners can wear head coverings only in their cells, but head coverings were not addressed by the injunction,

and the MJ stated that Thunderhorse could pursue his claim in a new civil rights action.

Despite Thunderhorse's argument that this court's unpublished decision in *Odneal v. Pierce*, 324 F. App'x 297 (5th Cir. 2009), marked a change in the decisional law related to prison grooming policies, "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment under Rule 60(b)(6)." *Diaz*, 731 F.3d at 375 (alteration in original) (internal quotation marks omitted).

The MJ gave due regard to Thunderhorse's pro se status. As the movant seeking relief under Rule 60(b), Thunderhorse had the burden of establishing "extraordinary circumstances," which he failed to do. *See id.* at 374. The MJ did not abuse his discretion in denying Thunderhorse's motion to modify and enforce the injunction.

In his reply brief, Thunderhorse raises "other exceptional circumstances" that he maintains entitle him to relief under Rule 60(b). This court will not consider claims raised for the first time in a reply brief. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Thunderhorse complains that the MJ failed to admonish him of his right to file written objections to the MJ's order denying his motion and failed to inform him of the relevant deadlines. Thunderhorse has confused the MJ's obligations when acting under 28 U.S.C. § 636(b)(1)(C) with the obligations of a MJ acting as the deciding court after consent of the parties under 28 U.S.C. § 636(c)(1).

The judgment is AFFIRMED.