# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31173

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2020

Lyle W. Cayce
Clerk

MICHAEL SHOEMAKER,

Petitioner−Appellant,

versus

DARREL VANNOY, Warden, Louisiana State Penitentiary,

Respondent−Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:10-CV-344

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Michael Shoemaker, Louisiana prisoner #98987, was convicted of attempted second degree murder in August 2005 and sentenced to 100 years

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31173

of imprisonment. He seeks a certificate of appealability ("COA") to appeal the denial of his Federal Rule of Civil Procedure 60(b) motion to reopen the judgment dismissing his 28 U.S.C. § 2254 petition as time-barred. *See Ochoa Canales v. Quarterman*, 507 F.3d 884, 887−88 (5th Cir. 2007).

"[A] substantial showing of the denial of a constitutional right" must be made for a COA to issue. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A prisoner "seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (internal quotation marks and citation omitted). "The Rule 60(b)(6) holding [Shoemaker] challenges would be reviewed for abuse of discretion during a merits appeal." *Id.*

"[T]he COA question is therefore whether a reasonable jurist could conclude that the District Court abused its discretion in declining to reopen the judgment" under Rule 60(b) based on the showing Shoemaker made. *Id.*; *see Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011). "In applying such a standard, it is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (internal quotation marks, citation, and bracketing omitted). Because Shoemaker has failed to make the required showing, a COA is DENIED. *See Buck*, 137 S. Ct. at 773, 777; *see also Diaz*, 731 F.3d at 374.

Shoemaker contends that the district court erred by denying his Rule 60(b) motion without an evidentiary hearing, and he refers to his substantive claims as well as his procedural challenge. He is not required to obtain a COA to appeal the denial of an evidentiary hearing; therefore, to the extent he seeks a COA on this issue, we construe his COA request "as a direct appeal

No. 18-31173

from the denial of an evidentiary hearing." *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016).

Shoemaker does not indicate what he would present at an evidentiary hearing to persuade the district court to reconsider its dismissal on limitations grounds. And without a reversal of the limitations ruling, the substantive claims are of no moment. *See Slack v. McDaniel*, 529 U.S. 473, 484−85 (2000); *see also Buck*, 137 S. Ct. at 777.

In view of the foregoing, and given his counseled brief's failure to articulate any specific argument supporting his claim regarding the lack of an evidentiary hearing, Shoemaker has not shown that the district court abused its discretion in not holding such a hearing. *See Norman*, 817 F.3d at 235; *see also United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006). Therefore, the judgment is AFFIRMED as to the lack of an evidentiary hearing.