# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40553
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2016

Lyle W. Cayce
Clerk

JAMES D. LOGAN,

Petitioner-Appellant

v.

WARDEN FEDERAL CORRECTIONAL COMPLEX BEAUMONT,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-39

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

James D. Logan, federal prisoner # 05951-090, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, brought pursuant to the "savings clause" in 28 U.S.C. § 2255(e). In 2005 in the Western District of Wisconsin, Logan pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to the 15-year mandatory minimum required by the Armed Career Criminal Act ("ACCA"),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40553

18U.S.C. § 924(e)(1).  In his current challenge to his sentence in his § 2241 petition, Logan argued that because Wisconsin repeater misdemeanors, such as his, no longer qualify as violent felonies, the sentencing court erred in sentencing him under the ACCA, and he should be resentenced to the 10-year statutory minimum under § 922(g)(1) without the ACCA enhancement.  The district court determined that Logan had not met the criteria for proceeding under the savings clause.

A certificate of appealability ("COA") is not required to appeal the denial of a federal prisoner's § 2241 petition.  *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005).  Accordingly, Logan's motion for a COA is DENIED.

We review de novo the district court's legal conclusions.  *Id.*  "Section 2255 provides the primary means of collaterally attacking a federal sentence, and is the appropriate remedy for errors that occurred at or prior to the sentencing."  *Id.* at 425-26 (internal quotation marks and citations omitted).  Under the "savings clause" of § 2255, a federal prisoner may challenge the legality of his detention in a § 2241 petition only if he shows that remedy under § 2255 would be "inadequate or ineffective."  *See* § 2255(e); *Padilla,* 416 F.3d at 426.  To do so, he must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense; and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion.  *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010).

A claim, such as Logan's, that challenges only the validity of his sentence fails to establish that he was convicted of a nonexistent offense, as required by the first prong of *Reyes-Requena.  See Padilla*, 416 F.3d at 426-27 (holding that a petitioner's claim that his terms of imprisonment exceeded the statutory

maximum for the charged offense did not fulfill the first prong of *Reyes-Requena*); *see also Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that a claim that the § 2241 petitioner was actually innocent of being a career offender under U.S.S.G. § 4B1.1 is not a claim that the petitioner is actually innocent of the crime of conviction); *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (same); *Preston v. Ask-Carlson*, 583 F. App'x 462, 463 (5th Cir. 2014) ("[C]laims relating to sentencing determinations do not fall within the savings clause and are not cognizable under § 2241, even where the petitioner asserts a 'miscarriage of justice' or actual innocence relating to the alleged sentencing errors.").

In one sentence, Logan cites to *Persaud v. United States*, 134 S. Ct. 1023 (2014), for the proposition that his "claim of unconstitutional sentencing is properly raised in a section 2241 petition." In *Persaud*, the Supreme Court entered a grant, vacate, and remand (GVR) order for reconsideration by the Fourth Circuit in light of the Solicitor General's brief. 134 S. Ct. at 1023. A GVR is not a substantive decision on the merits and thus does not satisfy *Reyes-Requena*'s requirement of a retroactively applicable Supreme Court decision. *Kenemore v. Roy*, 690 F.3d 639, 640-43 (5th Cir. 2012). In the absence of an en banc decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).

Accordingly, the judgment of the district court is AFFIRMED. Logan's motion for release on bail pending this appeal is DENIED.