PER CURIAM:[1]
Anthony Cardell Haynes was convicted of shooting and killing an off-duty police officer and sentenced to death. Subsequently, Haynes unsuccessfully sought state and federal habeas review of his sentence. Among his claims, Haynes argued that his trial counsel provided ineffective representation under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in the preparation and presentation of mitigation evidence.
In 2007, the district court denied relief based on Haynes’s failure to exhaust his remedies in state court. Haynes had raised most of his claims, including his Strickland claim, for the first time in federal court. In arguing that the district court should consider his unexhausted claims, Haynes asserted exceptions to the procedural bar doctrine in order to overcome his failure to exhaust. Under Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), Haynes argued, the district court was allowed to hear his barred claims because he “[could] demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.” Id. at 750, 111 S.Ct. 2546. Chiefly, Haynes argued that his state habeas counsel had failed to raise his ineffective-assistance-of-trial-counsel claim. However, the court relied on Fifth Circuit precedent, which provided that ineffective assistance of habeas counsel may not provide cause for a procedural default and that, therefore, federal law barred the district court from reviewing Haynes’s unexhausted claims. The district court also reviewed, in the alternative, the merits of Haynes’s ineffective assistance claim and held that the purported deficient performance would not entitle him to relief, even if the claim was not barred.[2]
Haynes then filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Haynes argued that the Supreme Court’s recent decision in Martinez v. Ryan, — U.S.-, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), entitles him to relief. In Martinez, the Supreme Court held that deficient performance by a petitioner’s state habeas counsel may constitute cause under Coleman v. Thompson. The Court held:
Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.
Id. at 1320. Because petitioners in Arizona were required to raise claims of ineffective assistance of trial counsel on state habeas review, deficient performance by *772 state habeas counsel may excuse an otherwise valid procedural bar. See id.
However, the district court denied Haynes’s Rule 60(b)(6) motion. First, relying on Ibarra v. Thaler, 687 F.3d 222, 227 (5th Cir.2012), it concluded that Haynes could not rely on Martinez because, unlike capital habeas petitioners in Arizona, Texas inmates may raise Strickland claims via a motion for a new trial or on direct appeal. Second, relying on Adams v. Thaler, 679 F.3d 312, 320 (5th Cir.2012), it held that Martinez did not constitute an extraordinary circumstance allowing the reopening of judgment under Rule 60(b)(6). Third, it held that it had already adjudicated the merits of Haynes’s ineffective assistance claim and that as a result “the relief requested has already been granted” and Haynes had failed show the requisite prejudice to overcome a procedural bar.
In Ibarra, a panel of this court held that Martinez’s equitable exception does not apply to Texas capital habeas petitioners. As another panel confronting the same issue reasoned:
The insurmountable hurdle that [Haynes] encounters is that the Ibarra decision is a controlling precedent of this court. This panel “cannot overrule the decision of another panel; such panel decisions may be overruled only by a subsequent decision of the Supreme Court or by the Fifth Circuit sitting en banc.” Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir.1997).
Balentine v. Thaler, No. 12-70023, Slip Op. at 6 (5th Cir. Aug. 17, 2012). Ibarra is controlling precedent. Accordingly, we hold that it forecloses the relief Haynes seeks.
We therefore DENY Haynes’s application for a certifícate of appealability and DENY as moot his motion for a stay of execution pending appeal.

. Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. The district court also considered, and rejected under the Antiterrorism and Effective Death Penalty Act of 1996, Haynes’s claims that were available for review.