C. A. 5th Cir. Application for stay of execution of sentence of death, presented to Justice Scalia, and by him referred to the Court, granted pending disposition of the petition for writ of certiorari. Should the petition for writ of certiorari be denied, this stay shall terminate automatically. In the event the petition for writ of certiorari is granted, the stay shall termi-- *971 nate upon the sending down of the judgment of this Court.
Justice Scalia and Justice Alito would deny the application for stay of execution. 
Statement of
Justice Sotomayor,
with whom Justice Ginsburg joins, respecting the grant of stay of execution.
In this case, a divided Fifth Circuit panel rejected Anthony Haynes’ application for a certificate of appealability on the ground that this Court’s decision in Martinez v. Ryan, 566 U. S. 1 (2012), “does not apply to Texas capital habeas petitioners.” 489 Fed.Appx. 770, 772 (2012) (per curiam). We recently granted certio-rari to address precisely the question whether Martinez applies to habeas cases arising from Texas courts. See Trevino v. Thaler, post, p. 977.
The dissent observes that on federal habeas review in this case, the District Court, after first concluding that Haynes had procedurally defaulted his claim that his trial counsel was constitutionally ineffective, ruled in the alternative that the claim failed on the merits. Post, at 973 (opinion of Scalia, J.). But the Court of Appeals has never addressed the District Court’s merits ruling, and has instead relied solely on procedural default. See 489 Fed.Appx., at 772; Haynes v. Quarterman, 526 F. 3d 189, 194-195 (CA5 2008). The only appellate judge to consider the merits of Haynes’ claim would have granted Haynes a certificate of appeal-ability in his current case and stated that it was “difficult to conclude that Haynefe] has not made a sufficient showing for a Strickland [v. Washington, 466 U. S. 668 (1984),] violation as to his trial counsel.” 489 Fed.Appx., at 775 (Dennis, J., dissenting). Under these circumstances, rather than assume the correctness of the District Court’s unreviewed merits decision, I believe a stay of execution is warranted to allow Haynes to pursue his claim on remand if this Court in Trevino rejects the single ground relied upon by the Fifth Circuit for denying Haynes’ application for a certificate of appealability.