ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES
EDITH BROWN CLEMENT, Circuit Judge: *
I.
On October 15, 2012, we denied Haynes’s application for a certifícate of appealability (COA) asking us to review the district court’s denial of his motion under Federal Rule of Civil Procedure 60(b)(6). We denied Haynes’s application on the grounds that Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), which Haynes tried to claim the benefit of in his 60(b)(6) motion, did not apply in Texas because Texas inmates could raise claims of ineffective assistance of counsel on direct appeal. See Ibarra v. Thaler, 687 F.3d 222, 227 (5th Cir.2012).
After our opinion was issued, the Supreme Court held in Trevino v. Thaler, — U.S. -, -, 133 S.Ct. 1911, 1921, 185 L.Ed.2d 1044 (2013), that the rule from Martinez v. Ryan does apply in collateral challenges to Texas convictions. The Supreme Court granted certiorari to Haynes, vacated our judgment, and remanded for further consideration in light of Trevino. See Haynes v. Thaler, - U.S. -, 133 S.Ct. 2764, 186 L.Ed.2d 214 (2013). Pursuant to the Supreme Court’s order, we GRANT Haynes’s application for a COA and REMAND to the district court to reconsider its denial of Haynes’s Rule 60(b)(6) motion in light of Trevino.
II.
Judge Dennis’s concurrence argues that we should go further and order the district court to carry out a full reconsideration of Haynes’s Strickland claim. We decline to do so. A district court’s discretion when considering Rule 60(b)(6) motions is “especially broad,” Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1458 (5th Cir.1992), and subject only to “limited and deferential appellate review,” Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Accordingly, given our limited role in reviewing Rule 60(b)(6) orders, we return this case to the district court without additional advisory instructions as to how to exercise its discretion when considering whether Haynes meets the prerequisites for obtaining relief under Rule 60(b)(6). See, e.g., id. (setting out the standard for determining whether Rule 60(b)(6) motions should be granted).

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir R. 47.5.4.